# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELANIE A. CLEMENT, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | )   CASE NO. 13-CV-566-FHM |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|     DEFENDANT. | ) |

## OPINION AND ORDER

Plaintiff, Melanie A. Clement, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th

---

[1] Plaintiff Melanie A. Clement's application was denied initially and upon reconsideration. A hearing before Administrative Law Judge (ALJ) Jeffrey S. Wolfe was held on December 7, 2011. By decision dated March 12, 2012, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 26, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

**Background**

Plaintiff was 40 years old on the alleged date of onset of disability and 42 on the date of the denial decision. Plaintiff graduated from high school and has two years of college. Her past work experience includes dietary aid, machine operator, and assembler. Plaintiff claims to have become disabled as of December 31, 2009[2], due to brachial plexus injury, degenerative disk disease, possible gout, and carpal tunnel syndrome. [R. 51-52; 150].

**The ALJ's Decision**

The ALJ found that Plaintiff has severe impairments relating to osteoarthritis of the shoulders, left hip, knees, cervical and lumbar spine; status post anterior diskectomy and C5-6 fusion with moderate radiculopathy and brachial plexus; and moderate carpal tunnel syndrome of left wrist. The ALJ determined that Plaintiff's mental impairment of situational depression did not cause more than a minimal limitation. [R. 19-20]. The ALJ determined

---

[2] The relevant period of time is December 31, 2009, through December 31, 2010, as December 31, 2010 is the last date insured.

that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b). Plaintiff can frequently handle (gross manipulation), but only occasionally finger (fine manipulation). The ALJ also found Plaintiff required a sit/stand option that permits her to alternate between sitting and standing at will. [R. 22]. Although Plaintiff is unable to perform her past relevant work, based on the testimony of the vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 26-27]. Accordingly, the ALJ determined that Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ erred by disregarding the requirements of Social Security Ruling 00-4p, 2000 WL 189704, which requires and ALJ to inquire whether the vocational expert's testimony is consistent with the Dictionary of Occupational Titles (DOT)[3] and to resolve any conflict.

## Analysis

### Conflict between the Vocational Expert's Testimony and the *Dictionary of Occupational Titles (DOT)*

Plaintiff contends the vocational expert`s testimony conflicts with the Dictionary of Occupational Titles and remand is warranted to resolve the conflict. [Dkt. #18, pp. 7-9]. The Commissioner argues that there is no conflict in this case because the DOT lists the

---

[3] *Dictionary of Occupational Titles* (4th ed., 1991)(DOT)

3

maximum requirements of occupations as they are generally performed, not the range of requirements for a particular job. [Dkt. 19, pp. 3-5]. Additionally, the vocational expert provides evidence based on her professional experience that goes beyond publications like the DOT. *Id.* at 7.

The ALJ found Plaintiff capable of performing light work with certain restrictions, including sitting and standing at will, and frequent handling but only occasional fingering. [R. 21-22]. In response to the ALJ's hypothetical question, the vocational expert testified that the number of jobs would be reduced by fifty percent but someone with Plaintiff`s RFC could perform the jobs of a mail clerk (#222.587-030) and food service worker (#311.472-010). [R. 61].

There is no merit to Plaintiff's argument that the case should be remanded because the vocational expert failed to explain why she was reducing the numbers by fifty percent. The hearing transcript clearly discloses the basis for the reduction was the RFC requirement of a sit/stand option. [R. 61].

Plaintiff's argument that the Commissioner's definition of light work does not provide for a sit/stand option at the worker's will does not provide a basis for reversal. *SSR* 00-4p lists the maximum requirements of occupations as they are generally performed, but not the range of requirements for a particular job as it is performed in specific settings. *SSR* 00-4p, 2000 WL 1898704 at *4. A vocational expert is able to provide more specific information about jobs or occupations and to testify about the impact of functional limitations on the ability to perform those jobs. The vocational expert's testimony about the reduction in the number of jobs due to a sit-stand option is exactly the type of vocational testimony contemplated by *SSR* 00-4p.

Plaintiff argues that the ALJ failed to resolve the conflict between the DOT and one of the two jobs suggested by the vocational expert. Further, Plaintiff contends that she is unable to perform the job duties of a mail clerk (DOT #222.587-030) or fast-food worker (DOT #311.472-010) because it exceeds the ALJ's finding of frequent handling and occasional fingering. There is an unexplained inconsistency between the vocational expert's testimony and the DOT description of the job of mail clerk. [Dkt. 19, p. 5]. The RFC limited Plaintiff to frequent handling and occasional fingering. [R. 22]. The DOT states that a mailer requires, among other things, frequent handling and frequent fingering. *Dictionary of Occupational Titles* (4th ed., 1991)(DOT), 222.587-030, 1991 WL 672120, (G.P.O.). The DOT fingering requirement for mailer exceeds the RFC. Although Plaintiff does not specifically object to the fast food worker position, the DOT states that a fast-food worker requires, among other things, constant handling and frequent fingering. *Dictionary of Occupational Titles* (4th ed., 1991)(DOT), 311.471-010, 1991 WL 672682, (G.P.O.). The DOT handling and fingering requirements for fast-food worker also exceed the RFC.

The court finds that there is inconsistency between the DOT and the vocational expert's testimony. The ALJ did not address or resolve the conflicts between the vocational expert's testimony and the DOT as required by *SSR 00-4p.* Because of the unresolved conflict, the vocational expert's testimony does not constitute substantial evidence to support the ALJ's decision. The ALJ's denial decision must therefore be REVERSED and the case REMANDED for resolution of the conflict between the DOT and the vocational expert's testimony.

**Conclusion**

The decision of the Commissioner is REVERSED and REMANDED.

SO ORDERED this 12th day of February, 2015.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE