# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

MELANIE A. CLEMENT,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　Case Number 13-CV-566-FHM
　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL, Acting　　　)
Commissioner, Social Security　　)
Administration,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　)

## OPINION AND ORDER

Plaintiff's Counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b), [Dkt. 26], is before the court. The Commissioner has declined to assert a position on the reasonableness of Plaintiff's motion. [Dkt. 28]. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed she does not object to the requested fee award. [Dkt. 26-3].

On February 12, 2015, the court remanded this case to the Commissioner for further administrative action. [Dkt. 21]. On May 27, 2015 Plaintiff's counsel was awarded EAJA fees in the amount of $4,360.90 which were subsequently seized by the U.S. Department of Treasury to satisfy an outstanding tax debt owed by Plaintiff. The Notice of Award dated September 6, 2017 indicated that the agency withheld $5,534.75 for payment of 406(b) attorney fees. Plaintiff's counsel seeks attorney fees in the amount of $4,360.90 which is the amount he was awarded under EAJA.

In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Court ruled that attorney fees are awardable under 42 U.S.C. § 406(b)(1) when the Social Security Administration awards disability benefits to a claimant following a remand from the federal

court. In such a circumstance the authority of Fed. R. Civ. P. 60(b)(6) is employed to allow counsel to seek fees under § 406(b)(1) long after the usual fourteen days allotted by Fed. R. Civ. P. 54((d)(2)(B)(I) for filing a motion for attorney fees has expired. *McGraw*, 450 F.3d at 505. On December 16, 2015 the court granted counsel's motion to extend the date for filing the motion for fees under § 406(b) until 60 days after the Notice of Award was issued. [Dkt. 44]. The motion for fees is timely filed.

42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

The court concludes that the requested fee award of $4,360.90 which is 7% of the amount of back benefits Plaintiff will receive and less than the 25% of Plaintiff's past due benefit award as reflected in the record submitted is reasonable. That award comports with the contract between counsel and Plaintiff and is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $188.78 per hour for 23.1 hours of work performed before the district court, which does not amount to a windfall. Because Counsel's previously award EAJA fees, [Dkt. 25], were seized to satisfy payment of

2

Plaintiff's tax debt, [Dkt. 26-1], there are no EAJA fees to be returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986).

Plaintiff's Attorney's Motion for Attorney Fees Under 42 U.S.C. § 406(b), [Dkt.26], is GRANTED as follows:

Counsel is awarded $4,360.90 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees.

SO ORDERED this 1st day of November, 2017.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE